J-S25019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DEBORAH A. LERNER | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HARVEY J. LERNER | : | No. 3192 EDA 2023 |

Appeal from the Order Entered November 21, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2021-06886

BEFORE: DUBOW, J., McLAUGHLIN, J., and BECK, J.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED OCTOBER 17, 2024**

Deborah A. Lerner ("Deborah") appeals from the order of equitable distribution entered in her divorce from Harvey J. Lerner ("Harvey"). Deborah argues the court abused its discretion in awarding her 50% of the marital estate and $1,000 per month in alimony, ordering her to pay Harvey a lump sum or vacate one of the parties' residences, and sanctioning her to pay $5,000 in attorneys' fees. We affirm.

The parties married in 1992. Deborah filed a complaint in divorce in May 2021. The court ordered an equitable distribution hearing before a hearing officer. Following the hearing, the officer issued a Report and Recommendation. Deborah filed exceptions to the Report and Recommendation, and the trial court held a hearing. On November 21, 2023, the court entered a Memorandum and Order denying Deborah's exceptions. It also entered a divorce decree, ordered equitable distribution, and ordered

Deborah to pay Harvey $5,000 in attorneys' fees, as recommended by the hearing officer.

Deborah appealed. She raises the following issues.

I.    Did the Trial Court abuse its discretion by failing to properly allocate the marital assets by failing to take into account all relevant factors and ordering [Deborah] to return gifts received from [Harvey's] family?

II.   Did the Trial Court abuse its discretion by failing to take into consideration [Deborah's] reasonable and necessary expenses, along with [Harvey's] income?

III.  Did the Trial Court abuse its discretion by failing to consider the sale of [Deborah's] residence and forcing [Deborah] to incur additional expenses?

IV.   Did the Trial Court abuse its discretion by failing to consider [Harvey's] sole and separate assets?

V.    Did the Trial Court abuse its discretion by falsely sanctioning [Deborah]?

Deborah's Br. at 4.

In her first issue, Deborah argues the court abused its discretion in only awarding her 50% of the marital estate.[1] Deborah argues that when considering the factors listed in 23 Pa.C.S.A. § 3502(a), the court should have given greater weight to certain facts: her limited earning potential, due to having been a homemaker during the 28-year marriage; Harvey's receipt of a pension and social security benefits from his long career as a successful oncological surgeon, compared to her lack of income; and the parties' high standard of living. Deborah further argues the court erred in holding a ring

_____

[1] Fifty percent of the marital estate had a value of $849,439.

Harvey's father gave to him was not her property. She states that Harvey did not dispute her testimony that Harvey gave the ring to her, but only testified that he had left it at the marital residence and wanted it returned to him.

We review an equitable distribution award for an abuse of discretion.

A trial court has broad discretion when fashioning an award of equitable distribution. **Dalrymple v. Kilishek**, 920 A.2d 1275, 1280 (Pa.Super. 2007). Our standard of review when assessing the propriety of an order effectuating the equitable distribution of marital property is "whether the trial court abused its discretion by a misapplication of the law or failure to follow proper legal procedure." **Smith v. Smith**, 904 A.2d 15, 19 (Pa.Super. 2006) (citation omitted). We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. **Id.** This court will not find an "abuse of discretion" unless the law has been "overridden or misapplied or the judgment exercised" was "manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." **Wang v. Feng**, 888 A.2d 882, 887 (Pa.Super. 2005). In determining the propriety of an equitable distribution award, courts must consider the distribution scheme as a whole. **Id.** "[W]e measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." **Schenk v. Schenk**, 880 A.2d 633, 639 (Pa.Super. 2005) (citation omitted).

Moreover, it is within the province of the trial court to weigh the evidence and decide credibility and this [c]ourt will not reverse those determinations so long as they are supported by the evidence. We are also aware that a master's report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties.

**Childress v. Bogosian**, 12 A.3d 448, 445-446 (Pa.Super. 2011) (quotation marks and internal citations omitted).

***Goodwin v. Goodwin***, 244 A.3d 453, 458 (Pa.Super. 2020), *aff'd*, 280 A.3d 937 (Pa. 2022).

In making an award of equitable distribution, the trial court must consider the factors enumerated in 23 Pa.C.S.A. § 3502(a) and distribute the marital property "in such manner as the court deems just." The enumerated factors are:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa.C.S.A. § 3502(a).

This list does not specify the weight to be given each factor, and "[t]here is no standard formula guiding the division of marital property." **Hess v. Hess**, 212 A.3d 520, 524 (Pa.Super. 2019). Rather, the trial court is tasked with weighing the evidence, and enjoys broad discretion in fashioning equitable distribution. **Id.** at 523-24. We thus will not reverse an award based on the court's application of any single factor. **Id.** at 523. Instead, we must consider whether the distribution scheme, take as a whole, constitutes an abuse of discretion. **Id.**

Here, the hearing officer weighed the statutory factors. **See** Hearing Officer's Report and Recommendation ("Report and Recommendation"), filed 6/9/23, at 12-14. Among other things, the officer duly considered the parties' ages (Deborah: 66, Harvey: 91) and professions, the length of their marriage, and their standard of living. **Id.** at 12-13. The officer also noted that "[b]oth parties have limited income" and that "both parties receive social security income and [Harvey] has pre-marital pension income." **Id.** at 13, 14. The officer found Deborah has a monthly income of $1,039, "as set forth in the parties' September 2021 Support Stipulation" and that this figure was "consistent with the evidence presented by [Deborah]." **Id.** at 2 (citing P-8 and P-9). The officer found Harvey's monthly income to be $4,275. **Id.** at 3.

- 5 -

The officer recommended the marital assets be divided evenly between the parties and that Harvey pay Deborah $1,000 per month in alimony. *Id.* at 18, 20.

The court adopted the officer's recommendation to divide the marital assets equally. *See* Memorandum and Order, 11/21/23, at 1. We discern no abuse in the trial court's decision to award both parties 50% of the marital estate. Deborah does not argue the court erred when assessing her with social security income, and her claim on appeal that she has no income is both waived and belied by the record. *See* Pa.R.A.P. 302(a); N.T., 5/12/23, at 41-43. Furthermore, the court addressed the income disparity in its alimony award.

Regarding the ring Harvey received from his father, the hearing officer disbelieved Deborah's testimony and determined that she should have returned the ring to Harvey. Memorandum and Order at 7-8. The court gave deference to the officer's credibility finding. *Id.* at 8. It was within the court's purview to make this determination.

In her second issue, Deborah argues the court erred in only awarding her $1,000 per month in alimony. Deborah asserts that when considering the factors listed in 23 Pa.C.S.A. § 3701(b), the court should have given greater weight to the facts that she has no income or earning potential, whereas Harvey receives a pension and social security, and, although 92 years old, may still operate his medical practice. She contends that the alimony award does not meet her basic needs and that she is incapable of self-support.

"An award of alimony may be reversed where there is an apparent abuse of discretion or there is insufficient evidence to support the award." ***Crocker-Fasulo v. Fasulo***, 292 A.3d 591, 596 (Pa.Super. 2023) (citation omitted).

The purpose of alimony is "to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." ***Id.*** (citation omitted). It is a remedy to be employed "only where economic justice and the reasonable needs of the parties cannot be achieved by way of an equitable distribution award and development of an appropriate employable skill." ***Id.*** (citation omitted).

To determine whether alimony is necessary, and the appropriate amount, the court must consider the factors enumerated in 23 Pa.C.S.A. § 3701(b). They include:

(1) The relative earnings and earning capacities of the parties.

(2) The ages and the physical, mental and emotional conditions of the parties.

(3) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(4) The expectancies and inheritances of the parties.

(5) The duration of the marriage.

(6) The contribution by one party to the education, training or increased earning power of the other party.

(7) The extent to which the earning power, expenses or financial obligations of a party will be affected by reason of serving as the custodian of a minor child.

(8) The standard of living of the parties established during the marriage.

(9) The relative education of the parties and the time necessary to acquire sufficient education or training to enable the party seeking alimony to find appropriate employment.

(10) The relative assets and liabilities of the parties.

(11) The property brought to the marriage by either party.

(12) The contribution of a spouse as homemaker.

(13) The relative needs of the parties.

(14) The marital misconduct of either of the parties during the marriage. The marital misconduct of either of the parties from the date of final separation shall not be considered by the court in its determinations relative to alimony, except that the court shall consider the abuse of one party by the other party. As used in this paragraph, "abuse" shall have the meaning given to it under [§] 6102 (relating to definitions).

(15) The Federal, State and local tax ramifications of the alimony award.

(16) Whether the party seeking alimony lacks sufficient property, including, but not limited to, property distributed under Chapter 35 (relating to property rights), to provide for the party's reasonable needs.

(17) Whether the party seeking alimony is incapable of self-support through appropriate employment.

23 Pa.C.S.A. § 3701(b).

Here, the court found that the transcript of the hearing before the hearing officer, and the resulting Report and Recommendation, reflect that the officer "thoroughly considered all 17 enumerated factors when coming to her determination of the appropriate amount of [Harvey's] obligation to [Deborah]." Memorandum and Order at 6. It stated,

The [officer] considered [Deborah's] inability to meet her monthly expenses and [Harvey's] slightly higher income. The [officer] found that during the marriage, the parties actually lived beyond their means and had little liquid cash at the time of separation.

- 8 -

> The [officer] concluded that [Harvey] did have the ability to pay $1,000.00 per month in alimony, but he did not have the ability to pay $2,000.00 per month on his fixed income. The evidence presented at the Equitable Distribution Hearing supports the [officer's] conclusions.

*Id.*

The court did not abuse its discretion. The hearing officer duly considered the statutory factors before determining that Harvey should pay Deborah $1,000 of alimony monthly. **See** Report and Recommendation at 16-18. The trial court thoughtfully considered and adopted the Report and Recommendation. Moreover, as stated above, Deborah's claim that she has no other income is both waived and unsupported by the record.

In her third issue, Deborah argues the court abused its discretion in ordering her to pay Harvey $296,393 — the amount she owed Harvey under the equitable distribution scheme, assuming she was to take sole ownership of the couple's New Jersey residence — or to vacate the New Jersey residence so that it could be listed for sale. She contends the court should have considered that she did not have the financial means to make the lump sum payment and that she had no alternative living arrangements available. She argues forcing her to move caused her to "incur significant expenses." Deborah's Br. at 20.

The court found the assets in Deborah's control exceeded Harvey's, and ordered her to reimburse Harvey the surplus.[2] The court could not effectively

---

[2] The court also ordered her to reimburse Harvey for the overpayment of alimony pendente lite and other bills he paid during the parties' separation.

distribute the estate unless Deborah relinquished other assets in her control or the New Jersey residence was liquidated.

Deborah does not argue that the court's calculation of the amount she owed Harvey was incorrect. She contends only that she should not have been forced to vacate the residence. However, the court was not obligated to honor her request that ownership of the New Jersey residence transfer to her, and its decision to liquidate the asset to effect equitable distribution, when Deborah failed to pay Harvey within 90 days, was not an abuse of discretion. Deborah also fails to explain what expenses she incurred.

Deborah offers no argument to support her fourth issue – that the court failed to consider Harvey's sole and separate assets. This issue is therefore waived. **See Commonwealth v. Woodard**, 129 A.3d 480, 509 (Pa. 2015).

In her final issue, Deborah argues the court abused its discretion by sanctioning her to pay Harvey $5,000 in attorney's fees for failing to comply with discovery requests and engaging in dilatory conduct. Deborah contends that she provided all requested discovery information and took all steps to advance the divorce proceedings.

The court awarded Harvey attorneys' fees under 42 Pa.C.S.A. § 2503(7), which provides for counsel fees "as a sanction against another participant for dilatory, obdurate or vexations conduct during the pendency of a matter." 42 Pa.C.S.A. § 2503(7). We review an award of attorneys' fees for an abuse of discretion. **In re Est. of Simpson**, 305 A.3d 176, 186 (Pa.Super. 2023).

The trial court found as follows.

- 10 -

In her Report and Recommendation, the [hearing officer] ordered [Deborah] to pay counsel fees because of her "refusal to cooperate with discovery requests, her blatant defiance of agreed court orders, and refusal to pay marital obligations with martial funds requiring multiple and unnecessary court filings and delays." *See* Hearing Officer's Report and Recommendation, 6/9/23, p. 19.

. . .

The [hearing officer] found that [Deborah] engaged in conduct that was dilatory, obdurate, and vexatious causing unnecessary court filings and delays in the divorce proceedings. The Equitable Distribution Hearing record reveals that although [Deborah] eventually turned over the required documents, it was not until after multiple requests and motions to compel were filed. *See* Plaintiff Brief in Support of Exceptions, 8/24/23. As a result, this [c]ourt will not disturb the [hearing officer]'s finding regarding [Deborah]'s conduct in failing to produce documents hereby, significantly delaying the production of the documents requested by [Harvey].

Memorandum and Order at 10-12.

The court did not abuse its discretion. The fact that Deborah ultimately provided the requested discovery does not excuse her conduct.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024