J-S81025-18

2019 PA Super 177

| RODNEY S. HESS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JUDY L. HESS | : | |
| | : | |
| Appellant | : | No. 1251 MDA 2018 |

Appeal from the Decree Entered July 20, 2018
In the Court of Common Pleas of Columbia County Civil Division at
No(s):  2016-CV-841-DV

BEFORE:   STABILE, J., DUBOW, J., and STEVENS*, P.J.E.

OPINION BY DUBOW, J.:                                         **FILED JUNE 03, 2019**

Appellant, Judy L. Hess ("Wife"), appeals from the July 20, 2018 Divorce Decree, which, *inter alia,* provided for the equitable distribution of the marital assets of Wife and Appellee, Rodney S. Hess ("Husband"). She challenges the court's consideration of Husband's SERS pension in its distribution of marital assets.  After careful review, we affirm.

The relevant factual and procedural history is as follows.  Husband and Wife married on April 10, 1999, which was a second marriage for both parties. The couple was married for seventeen years and separated on July 22, 2016, when Husband filed a Complaint in Divorce.  Husband and Wife do not have any children together; however, each party has adult children from a previous marriage.

Husband is 64 years old and in good health.  Husband currently works part time at the Surplus Outlet in Briar Creek, Pennsylvania, unloading trucks

_____

* Former Justice specially assigned to the Superior Court.

and stocking freezers, and receives health insurance through this employer. Husband served in the United States Air Force and National Guard prior to his previous employment as a police officer and an installer for Direct TV. Husband also worked for PennDOT, from which he retired in August of 2013. On a monthly basis, Husband earns $600 from the Surplus Outlet, $1,062 from his Pennsylvania State Employee Retirement System ("SERS") pension, which has been in pay status since August 2013, and $946 in Social Security Benefits.

Wife is 51 years old and in good health. She has worked as a pharmacy technician at Giant Markets since 2005, working an average of 32 hours per week, and receives health insurance through this employer. Wife previously worked as a school bus driver and in a factory. She is a high school graduate and completed an additional two years of training to become a pharmacy technician. Wife's gross income for 2016 was approximately $17,180 and for 2015 was approximately $19,843.

The marital property is comprised of a few vehicles, minimal debt, retirement funds, and the marital residence valued at $101,000, which is unencumbered by any mortgage or lien.

On March 29, 2018, after a Special Master's Hearing, the Master filed a Report and Recommendations to the Court that recommended, *inter alia*, awarding Wife 53% and Husband 47% of the marital assets and splitting the

SERS pension equally.[1]  On April 18, 2018, Husband filed Exceptions to the Report.

On June 25, 2018, after reviewing briefs and hearing argument, the trial court issued an Opinion and Order, which granted in part Husband's Exceptions and, *inter alia*, ordered "an overall 55%-45% equitable division in favor of Husband as to all assets other than the SERS pension, and a 65%-35% division of the SERS pension" in favor of Husband.  Trial Court Order and Opinion, filed 6/25/18, at 11.  On July 20, 2018, the trial court entered a Final Decree in Divorce.

Wife timely appealed.  Both Wife and the trial court complied with Pa.R.A.P. 1925.

Wife raises the following issues on appeal:

I.      Did the trial court misapply the law and abuse its discretion when it determined that the [S]pecial [M]aster's calculation of [Husband]'s income, which included [Husband]'s SERS pension, was "double dipping[?"]

II.     Did the trial court misapply the law and abuse its discretion when it rejected the [S]pecial [M]aster's recommendations and granted [Husband]'s exceptions?

Wife's Brief at 3 (some capitalization omitted).

Both of Wife's issues challenge the trial court's refusal to follow the Special Master's Recommendations with respect to the distribution of Husband's pension.  We review a challenge to the trial court's equitable

---

[1] The Master also recommended that no alimony or counsel fees were due, and neither party raised an Exception to those findings.

distribution scheme for an abuse of discretion. ***Brubaker v. Brubaker***, 201 A.3d 180, 184 (Pa. Super. 2018) (citation omitted). "We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence." ***Id.*** We will not find an abuse of discretion "unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." ***Carney v. Carney***, 167 A.3d 127, 131 (Pa. Super. 2017). When reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." ***Hayward v. Hayward***, 868 A.2d 554, 558 (Pa. Super. 2005).

When determining the propriety of an equitable distribution award, this Court must consider the distribution scheme as a whole. ***Mundy v. Mundy***, 151 A.3d 230, 236 (Pa. Super. 2016). "We do not evaluate the propriety of the distribution order upon our agreement with the court's actions nor do we find a basis for reversal in the court's application of a single factor. Rather, we look at the distribution as a whole in light of the court's overall application of the 23 Pa.C.S.[] § 3502(a) factors for consideration in awarding equitable distribution. If we fail to find an abuse of discretion, the order must stand." ***Harvey v. Harvey***, 167 A.3d 6, 17 (Pa. Super. 2017) (citation and internal brackets omitted). Finally, "it is within the province of the trial court to weigh the evidence and decide credibility and this Court will not reverse those

determinations so long as they are supported by the evidence." **Brubaker**, 201 A.3d at 184 (citation omitted).

In her first issue, Wife avers that the trial court misapplied the law and abused its discretion when it "failed to consider Husband's SERS pension as income for purposes of equitable distribution." Wife's Brief at 8. Specifically, Wife argues that the trial court erred in relying on support cases to conclude that the Master's method of calculating the 50/50 distribution of the SERS pension impermissibly used "the income from a marital asset [(the pension)] to determine the percentage distribution of all of the marital assets, a type of 'double dipping.'" Trial Ct. Order and Op. at 3. **See** Wife's Brief at 8, 10-11. For the following reasons, we find no error in the trial court's equitable distribution scheme.

"A trial court has broad discretion when fashioning an award of equitable distribution." **Brubaker**, 201 A.3d at 184 (citation omitted). "In making its decision regarding equitable distribution, the trial court must consider at least the eleven factors enumerated in 23 Pa.C.S.[] § 3502(a)." **Isralsky v. Isralsky**, 824 A.2d 1178, 1191 (Pa. Super. 2003). However, there is no standard formula guiding the division of marital property and the "method of distribution derives from the facts of the individual case." **Wang v. Feng**, 888 A.2d 882, 888 (Pa. Super. 2005) (citation omitted). While the list of factors in Section 3502 serves as a guideline for consideration, the list is "neither exhaustive nor specific as to the weight to be given the various factors." **Id.** (citation omitted). Accordingly, "the court has flexibility of

method and concomitantly assumes responsibility in rendering its decisions."

*Id.* (citation omitted).

Section 3502 provides, *inter alia*, that upon request from either party in a divorce action:

> the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors. The court may consider each marital asset or group of assets independently and apply a different percentage to each marital asset or group of assets.

23 Pa.C.S. § 3502(a). Among other factors, Section 3502 requires a trial court to consider the "sources of income of both parties, including, but not limited to, medical, retirement, insurance, or other benefits." 23 Pa.C.S. § 3502(a)(6).

In Pennsylvania, "[t]he amount of pension funds accrued during marriage is marital property and subject to equitable distribution." *Hayward v. Hayward*, 808 A.2d 232, 237 (Pa. Super. 2002) (citation omitted). Additionally, this Court has repeatedly held that an asset awarded in equitable distribution may not be included in an individual's income for purposes of calculating support payments. *See Miller v. Miller*, 783 A.2d 832, 835–36 (Pa. Super. 2001) (holding that money received from the sale of an asset awarded in equitable distribution may not be included in an individual's income for purposes of calculating support payments); *Rohrer v. Rohrer*, 715 A.2d 463, 466 (Pa. Super. 1998) (stating that this Court does not condone "double

dipping," *i.e.*, using the same revenue as a source for "support" and "equitable distribution"); ***Berry v. Berry***, 898 A.2d 1100, 1105 (Pa. Super. 2006) (holding that a partnership accrual account was marital property and, therefore, the trial court erred when it considered it to be income).

In this case, the Master considered all of the Section 3502 factors but put emphasis on the parties' ages and the Husband's income, noting that Husband's income from the SERS pension "leaves him with that much greater income than Wife." Master's Report, filed March 29, 2018, at 10. Upon considering Husband's Exceptions to the Master's findings, the trial court opined:

> First, in regards to the SERS pension, in the first instance, the Master's calculation does not contemplate that the Master ordered half of the SERS benefit, or \$531.09/mo., to be distributed to Wife. This results in Wife's monthly income increasing to \$2,184.67, while decreasing Husband's income to \$2,126.59.
>
> Beyond that, the Master's method uses the income from a marital asset (a pension in active pay status for years prior to separation) to determine the percentage distribution of all the marital assets, a type of "double dipping." This begs the chicken or the egg conundrum: When relative incomes, presently and in the future, is the major factor in driving the determination of the percentages in equitable distribution, how does one know the end result incomes of the parties (after equitable distribution) and apply this factor without first determining the percentage distribution of the pension asset already in pay status? Posing the question illustrates the impossibility of solving the equation.
>
> ***
>
> The aversion to considering pension income, where the pension has been equitably distributed, has been extended to considerations of alimony in addition to spousal support. The idiosyncrasy of considering the pre-equitable distribution pension

income for equitable distribution, where that pension is already in pay status, before one knows the post-equitable distribution income to be left to each party, illustrates the "double dipping" aversion should be applied in the present case.

Trial Ct. Order and Op. at 3-4.

This Court has long held that marital property subject to equitable distribution may **not** be included in an individual's income for purposes of calculating **support** payments, and has characterized such as "double dipping." ***See Miller***, 783 A.2d at 835–36; ***Rohrer***, 715 A.2d at 466; ***Berry***, 898 A.2d at 1105. Here, although there was no support ordered, the trial court analogously characterized the Master's inclusion of Husband's SERS pension in Husband's "amount" of income calculation for purposes of determining equitable distribution to be a type of "double dipping" and refused to follow the Master's recommendation. Instead, the trial court declined to include the SERS pension, which is marital property subject to equitable distribution, in Husband's "amount" of income calculation when making the equitable distribution determination. We discern no error.

As stated above, there is no standard formula guiding the division of marital property and a trial court has "flexibility of method" when making its determination "from the facts of the individual case." ***See Wang***, 888 A.2d at 888. Moreover, we do not "find a basis for reversal in the court's application of a single factor" but rather look at the distribution as a whole in light of the court's overall application of the Section 3502 factors. ***See Harvey***, 167 A.3d at 17.

The trial court engaged in a proper analysis of the Section 3502 factors, including review of the source and amount of income that each party was receiving, and found that "[t]he only factors of any weight are in Husband's favor. This bodes in favor on an overall 55%-45% equitable division in favor of Husband as to all assets other than the SERS pension, and a 65%-35% division of the SERS pension." Trial Ct. Order and Op. at 11.

Our review of the record reveals that the record supports the trial court's findings. Accordingly, we find no abuse of discretion.

In her second issue, Wife presents two arguments. She first avers that the trial court misapplied the law and abused its discretion by improperly analyzing a number of the Section 3502 factors when equitably distributing the marital property. Wife's Brief at 8. Wife argues that the trial court failed to consider Husband's part time employment as income when considering the Section 3502 factors. *Id.* at 15.

In presenting this argument, Wife does not cite any legal authority or engage in a discussion of the specific income totals to which she is referring pursuant to Pa.R.A.P. 2119. Instead, Wife engages in a general discussion of how the trial court erred when it considered when Husband is entitled to retire and failed to consider when, and if, Wife is able to retire. Wife's Brief at 15-16. Accordingly, to the extent that Wife asserts that the trial court erred when it failed to consider Husband's part time employment as income, we find this argument to be underdeveloped and, therefore, waived. *See* Pa.R.A.P. 2119 (describing briefing requirements); *Hayward*, 868 A.2d at 558 (finding that

husband waived issue when he failed to cite pertinent authority and engage in a specific discussion of error with citation to record).

Wife next argues that in calculating its equitable distribution award, the trial court failed to consider that Husband has possession of the only capital asset in the marriage, the marital residence valued at $101,000. Wife's Brief at 18. Additionally, she argues that the trial court failed to consider that Wife's income fluctuates year to year, Wife only has one source of income, and Wife made a significant contribution to the marital estate. Wife's Brief at 17-21.

Wife is essentially challenging the weight that the trial court placed on different evidence when analyzing the Section 3502 factors to reach its determination. Our review of the record reveals that the trial court engaged in an analysis of the Section 3502 factors in making its equitable distribution determination and the record supports the trial court's findings. We decline to reweigh the evidence and find no abuse of discretion. *See Brubaker*, 201 A.3d at 184.

Decree affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/03/2019