J-S30002-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| RANDALL E. SPOERLEIN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SANDRA J. STONER F/K/A SANDRA | : | No. 1534 WDA 2019 |
| J. SPOERLEIN | : | |

Appeal from the Order Entered September 11, 2019
In the Court of Common Pleas of Somerset County Civil Division at
No(s): 112 DIVORCE 2008

BEFORE: MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: FILED AUGUST 21, 2020

Randall E. Spoerlein (Husband) challenges the equitable distribution award for a marital estate in divorce proceedings with Sandra J. Stoner f/k/a/ Sandra J. Spoerlein (Wife). Upon review, we affirm.

Husband and Wife were married on September 18, 1970. Two children, both now adults, were born of the marriage.[1] The parties separated and Husband filed a complaint in divorce on June 20, 2008. While the divorce and equitable distribution claims were pending, Husband filed a voluntary individual bankruptcy petition under Chapter 13 of the U.S. Bankruptcy Code. Thereafter, on August 6, 2010, Wife filed a petition to bifurcate the divorce

_____

[*] Former Justice specially assigned to the Superior Court.

[1] The parties' daughter, Donna Jano (Daughter), owns certain property as tenants in common with Husband and Wife. The parties also have a son, Bud Spoerlein (Son), who has special needs and lives with Wife.

from the remaining economic claims, which the trial court granted on August 17, 2010. On February 9, 2011, Husband's bankruptcy case was converted from Chapter 13 to Chapter 7. Following their divorce, Husband remarried and now resides in Myrtle Beach, South Carolina. Wife now resides with her father and does not individually own property of her own.

The trial court appointed a Divorce Master on December 7, 2010. Due to Husband's pending bankruptcy proceeding, the Divorce Master continued the hearing on the parties' economic claims until Husband was discharged from bankruptcy. On September 27, 2013, Wife filed a motion to vacate the appointment of the Divorce Master "until the issues before the bankruptcy court have been resolved in their entirety and [Husband] is discharged thereafter." Motion to Vacate Hearing Master, 9/27/13, ¶ 8. The trial court granted Wife's request to discharge the appointment of the Divorce Master on October 1, 2013.

Delays continued due to Husband's bankruptcy proceeding, which finally concluded on July 12, 2017. Trial Court Opinion, 9/11/19, at 1 (unnumbered). "Further delay resulted from a guilty plea in criminal proceedings against [Husband] for dissipation of extended family related assets." Id. On May 8, 2019, the Honorable Daniel W. Rullo held a hearing on the parties' equitable distribution claims. In an order and opinion dated September 11, 2019, the trial court concluded:

> [Husband] is awarded the balance of the Trone Outdoor Advertising rents held in escrow and the continuation of the rents to the expiration of its current lease term. [Wife] is awarded

- 2 -

[Husband's] one-fourth interest in the parcels held jointly with either [Daughter] or her sister-in-law, Linda K. Stoner. . . . [Wife] shall indemnify and hold [Husband] harmless from the outstanding mortgage owed to PJ Masonry LLC, which mortgage is secured by above referenced parcels held jointly with [Daughter].

Order, 9/11/19. This timely appeal resulted. Husband filed his court ordered Rule 1925 concise statement of matters complained of on appeal on October 31, 2019. On December 31, 2019, the trial court issued its Rule 1925(a) opinion, in which it relied on the rationale set forth in its order and opinion dated September 11, 2019.

Husband presents four issues for our review:

A. Did the [t]rial [c]ourt err as a matter of law and fact, abuse its discretion and was arbitrary and capricious by holding [Husband] dissipated the marital assets by filing for Bankruptcy[?]

B. Did the [t]rial [c]ourt err as a matter of law and fact, abuse its discretion and was arbitrary and capricious by holding that [Husband] should not receive any portion of the martial [sic] assets when [Husband] paid the costs of Bankruptcy and received no other marital property[?]

C. Did the [t]rial [c]ourt err as a matter of law and fact and abuse[] its discretion when determining [e]quitable [d]istribution and awarding no martial [sic] portion to [Husband] because of considering the [Husband's] restitution lien when the restitution lien is not considered by the facts of 23 Pa.C.S.[A]. § 3502[?]

D. Did the [t]rial [c]ourt err as a matter of law and fact, abuse its discretion and was arbitrary and capricious by holding [Husband] should not receive any portion of the martial [sic] assets when [Husband] and [Wife] are equal with respect to each of the factors in 23 Pa.C.S.[A]. § 3502[?]

Husband's Brief at 2-3.[2]

     Our standard of review is as follows:

> We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. Brubaker v. Brubaker, 201 A.3d 180, 184 (Pa. Super. 2018) (citation omitted). "We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence." Id. We will not find an abuse of discretion "unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." Carney v. Carney, 167 A.3d 127, 131 (Pa. Super. 2017). When reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." Hayward v. Hayward, 868 A.2d 554, 558 (Pa. Super. 2005).
>
> When determining the propriety of an equitable distribution award, this Court must consider the distribution scheme as a whole. Mundy v. Mundy, 151 A.3d 230, 236 (Pa. Super. 2016). "We do not evaluate the propriety of the distribution order upon our agreement with the court's actions nor do we find a basis for reversal in the court's application of a single factor. Rather, we look at the distribution as a whole in light of the court's overall application of the 23 Pa.C.S.A. § 3502(a) factors for consideration in awarding equitable distribution. If we fail to find an abuse of discretion, the order must stand." Harvey v. Harvey, 167 A.3d 6, 17 (Pa. Super. 2017) (citation and internal brackets omitted). Finally, "it is within the province of the trial court to weigh the

_____

[2] Although Appellant's brief contains an argument section, it is not divided "into as many parts as there are questions to be argued." Pa.R.A.P. 2119(a). However, because our ability to review the issues presented is not substantially impaired by Appellant's failure to conform with the dictates of Pa.R.A.P. 2119(a), we decline to quash the appeal. See Forrester v. Hanson, 901 A.2d 548, 551 n.2 (Pa. Super. 2006) (stating that the failure to divide into appropriate subsections which correspond to the questions raised could result in quashal, but since the ability to review the issues presented was not substantially impaired review proceeded).

evidence and decide credibility and this Court will not reverse those determinations so long as they are supported by the evidence." Brubaker, 201 A.3d at 184 (citation omitted).

\* \* \*

"A trial court has broad discretion when fashioning an award of equitable distribution." Brubaker, 201 A.3d at 184 (citation omitted). "In making its decision regarding equitable distribution, the trial court must consider at least the eleven factors enumerated in 23 Pa.C.S.A. § 3502(a)." Isralsky v. Isralsky, 824 A.2d 1178, 1191 (Pa. Super. 2003). However, there is no standard formula guiding the division of marital property and the "method of distribution derives from the facts of the individual case." Wang v. Feng, 888 A.2d 882, 888 (Pa. Super. 2005) (citation omitted). While the list of factors in Section 3502 serves as a guideline for consideration, the list is "neither exhaustive nor specific as to the weight to be given the various factors." Id. (citation omitted). Accordingly, "the court has flexibility of method and concomitantly assumes responsibility in rendering its decisions." Id. (citation omitted).

Hess v. Hess, 212 A.3d 520, 523-24 (Pa. Super. 2019).

Section 3502 of the Divorce Code provides, inter alia, that upon request from either party in a divorce action:

the court shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors. The court may consider each marital asset or group of assets independently and apply a different percentage to each marital asset or group of assets.

23 Pa.C.S.A. § 3502(a).

Here, with regard to Husband's equitable distribution claims, the trial court reviewed the eleven factors set forth at 23 Pa.C.S.A. § 3502. In particular, the trial court examined the parties' assets, including four shared parcels of land and rental income. Trial Court Opinion, 9/11/19, at 8-10

(unnumbered). It further examined the effect of the bankruptcy proceeding on the parties' marital estate. Id. at 2-8. It acknowledged that the bankruptcy proceeding liquidated nearly all of the marital assets and removed by way of satisfaction or discharge most of Husband's personal liabilities and all of the marital liabilities. However, the trial court determined that the utilization of the bankruptcy proceeding to discharge both personal and marital liabilities "caused a significant diminution" in value for some marital assets. Id. at 3.

For example, the parties stipulated the marital residence had a pre-bankruptcy value of $458,400.00, which was based upon a contemplated third party sale following separation. During the bankruptcy proceeding, the appointed trustee accepted the fair market value of the residence at $458,400.00. Ultimately, however, the trustee sold the residence for $212,500.00, dissipating the marital estate by $245,900.00.

Likewise, the trial court noted further dissipation of marital assets as reflected by the liquidation of the Spoerlein Family Trust (Trust). The parties agreed that they held a one-third interest in the Trust, valued at $345,032.39. The entire value of the Trust was liquidated as part of the bankruptcy proceedings. Similarly, a marital escrow account held by the law firm of Fike, Cascio & Boose, valued at $49,619.76, was liquidated as part of the administration of the bankruptcy estate.

Finally, the parties owned four parcels of vacant real estate totaling approximately 134 acres.[3] Husband's appraiser valued the parcels at $1,400.00 per acre. Despite the fact that the testimony supported the value given by Husband's appraiser, the bankruptcy trustee valued the parcels at $1,000.00 per acre. Although the four parcels did survive the bankruptcy liquidation and remain essentially the only significant marital asset for distribution, the decrease in value of $400.00 per parcel acre resulted in further dissipation of the marital estate.

Based upon review of the certified record, the parties' appellate briefs, the trial court's opinions, and applicable law, we conclude that the trial court thoroughly and accurately addressed all of the issues raised by Husband and we discern no abuse of discretion in ruling on his claims. Consequently, we affirm on the basis of the trial court opinions issued on September 11, 2019 and December 31, 2019, and adopt them as our own. The parties are instructed to attach copies of those trial court opinions to all future filings regarding this appeal.

Moreover, we recognize that Husband makes very general allegations as to the alleged inequity of the trial court's proposed equitable distribution, complaining that he received an unfair proportion of the marital estate. Husband's Brief at 23-24. Husband makes his bald unsupported claims

---

[3] Three of these parcels were held as tenants in common with Daughter, and one parcel was held as tenants in common with Husband's sister, Linda Stoner.

without any reference to relevant legal authority. The failure to support bald assertions with citation to legal authority impedes meaningful review of his claims. Commonwealth v. Rompilla, 983 A.2d 1207, 1210 (Pa. 2009); Stimmler v. Chestnut Hill Hosp., 981 A.2d 145, 153 n.9 (Pa. 2009) (stating that argument portion of brief must contain "sufficient citation to the record . . . .").

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2020