J-A15003-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RUKHSANA HASIB, A/K/A RUKHSANA CHOUDHURY | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| MAHMOOD CHOUDHURY | : : | |
| Appellant | : : | No. 2623 EDA 2019 |

Appeal from the Order Entered August 9, 2019
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2010-60229-D-E-Q-R-Y

BEFORE:    LAZARUS, J., KING, J., and STRASSBURGER, J.[*]

MEMORANDUM BY LAZARUS, J.:                  **FILED DECEMBER 15, 2020**

Mahmood Choudhury (Husband) appeals from the order, entered in the Court of Common Pleas of Bucks County, following this Court's June 10, 2019 decision reversing, in part, the trial court's order distributing the marital property between Husband and Appellee Rukhsana Hasib (Wife), and remanding with instructions.  After careful review, we affirm.

This case has a protracted procedural history and is before this Court for the second time in two years.  On January 26, 2010, Wife filed a complaint in divorce.  Following seven years of litigation, the parties appeared before a master on July 12, 2017.  The master issued a report and recommendation, and Husband filed exceptions. The trial court scheduled an equitable distribution hearing for January 9, 2018.  The day before the hearing, Husband

_____

[*] Retired Senior Judge assigned to the Superior Court.

sought a continuance, which the court denied. The hearing, presided over by the Honorable James M. McMaster, proceeded as scheduled. Husband did not appear.

On January 17, 2018, Judge McMaster entered a final decree in divorce and an order distributing the parties' marital property. On February 14, 2018, Husband appealed to this Court, challenging various aspects of the equitable distribution order, in particular the trial court's redistribution of interests in the parties' family owned limited partnerships. These partnerships, created for purposes of estate and tax planning, were set up with Husband as general partner and Wife and adult children as limited partners. Husband challenged the following language in Judge McMaster's order:

> [Wife] is awarded 50% of [Husband's] 1% interest as General Partner of Sovereign Realty Investments, LP, *and the parties are hereafter Co-General Partners, with equal rights, responsibilities, duties and obligations*.
>
> [Wife] is awarded 50% of [Husband's] 1% interest as General Partner of Cabochon Properties, LP, *and the parties are hereafter Co-General Partners, with equal rights, responsibilities, duties and obligations.*
>
> [Wife] is awarded [Husband's] 1% interest as General Partner of Orchards Industrial Land, LP, *and shall be the sole General Partner.*

Order and Decree, 1/17/18, at ¶¶ 12, 13, 15 (emphasis added).[1] Husband argued the trial court erred or abused its discretion in removing him as General

---

[1] In addition, the trial court ordered the parties to complete the pending sale of the property owned by Orchards Industrial Land, LP. The proceeds of the

Partner and naming Wife as sole General Partner of Orchards Industrial Land, LP, or in naming Wife co-General Partner of the other entities. This Court agreed, concluding that the trial court overreached its authority in altering the corporate structure.[2] On June 10, 2019, we remanded the case with instructions. *See Hasib v. Choudhury*, 2623 EDA 2020 (Pa. Super. filed June 10, 2019) (unpublished memorandum) (citing 15 Pa.C.S.A. §§ 6883(7)(i)-(iii), 8641(b)(1)-(4)).[3] The Court stated:

_____

sale were to be distributed among the partners, with the partnership dissolved after the sale. *Hasib v. Choudhury*, *supra* at 3-4. In May of 2018, Wife filed a petition for contempt. The trial court found Husband in contempt for the following: (1) misappropriating funds from the business accounts for personal use; (2) delaying sale of the Orchards Industrial Land, LP property; (3) testifying that he intended to reinvest the funds from the sale of the property instead of redistributing the funds per the court's equitable distribution order; (4) failing to pay Wife for her buy-out of assets and interest in marital home; (5) refusing to allow Wife to remove her personal property; and (6) failing to pay attorney's fees. Order, 7/19/18. The court's remedy was to give Wife sole control over the business accounts and the sale of the property and distribution of proceeds. *Id.* at 3. The court also ordered Husband to allow Wife to collect her property and to pay her the money owed. *Id*. at 5-6.

[2] We have uncovered no case law or statute that allows a court to dissolve a partnership or alter corporate structure to effectuate an equitable distribution order.

[3] There are three statutory circumstances whereby an individual can properly be dissociated from being a general partner:

    (i) the individual dies;

    (ii) a guardian for the individual is appointed, or

- 3 -

None of the events or conditions described in this section are instantly applicable. Accordingly, we find no statutory authority for the trial court, in determining equitable distribution, to fashion its own rules for the appointment of a co-general partner. While we understand the trial court's motives in attempting to restructure the limited partnership agreements to ostensibly provide a more secure and stable base for the ongoing business activities of the partnership, ultimately, the trial court lacks the authority to act in this manner. Therefore, we must reverse those portions of the order that (1) appoints Hasib as co-general partner in **Sovereign Realty Investments, L.P.** and **Cabochon Investments Florida, L.P.**, and which (2) dissociates Choudhury as general partner of **Orchards Industrial Land, L.P.** and replaces him with Hasib. Further, regarding paragraph 15 and Orchards Industrial Land, L.P., **we also reverse that portion of**

---

(iii) a court orders that the individual has otherwise become incapable of performing the individual's duties as a general partner under this title or the partnership agreement.

15 Pa.C.S.A. § 8663(7)(i)-(iii). Section 8641(b)(1)-(4) describes the statutory method of becoming a general partner, and admission as a general partner after formation of a limited partnership:

**(b) Admission after formation**.—After formation of a limited partnership, a person becomes a general partner:

(1) as provided in the partnership agreement;

(2) as the result of a transaction effective under Chapter 3 (relating to entity transactions);

(3) with the affirmative vote or consent of all the partners; or

(4) under section 8681(a)(3)(ii) or (5) (relating to events causing dissolution) following the dissociation of a limited partnership's last general partner.

15 Pa.C.S.A. § 8641(b)(1)-(4). *See also supra*, n.2.

**the order that directs Hasib, as the newly appointed General Partner, to sell the 16-acre parcel of land held by Orchards Industrial Land, L.P., and then to dissolve that partnership.** Because we have determined the trial court abused its discretion in appointing Hasib as the sole General Partner of Orchards Industrial Land, L.P., she cannot now legally fulfill those duties. **The effect of our decision on this issue is to return the corporate structure of the three limited partnerships involved in this matter to the *status quo ante*. . . . Essentially, we have determined that the trial court possessed the authority to reallocate the finances of the parties to achieve a financial balance. However, the trial court did not possess the authority to reallocate the corporate power within the *three* Limited Partnerships.**

*Id.* at *3-4 (emphasis added).[4]

Following this Court's decision, the trial court held a conference on July 2, 2019, and directed the parties to file memoranda of law to address this Court's remand order. The parties filed their respective memoranda, and on August 9, 2019, the trial court entered an amendment to the January 17, 2018 equitable distribution order. The court adopted Wife's proposed order, which reads:

AND NOW, this 9th day of August, 2019, upon consideration of the parties['] respective submissions of Memorand[a] to the [c]ourt with respect to their respective interpretations of the effect of the

---

[4] We note that this Court referred to three partnerships. Husband states in his appellate brief that the trial court's orders correctly refer to four partnerships: Sovereign Realty Investments, L.P., Cabochon Properties, L.P., Cabochon Investments Florida, L.P., and Orchards Industrial Land, L.P. It appears this Court erroneously combined the two Cabochon entities. In the August 9, 2019 Amendment to the January 17, 2018 Decree and Order, the trial court refers to the four entities. *See* Order, 8/9/19. However, in its November 6, 2019 opinion following remand, the trial court references three entities: Sovereign Realty Investments, L.P., Cabochon Properties, L.P., and Orchards Industrial Land, L.P. *See* Trial Court Opinion, 11/6/19, at 1.

Superior Court of Pennsylvania's June 10, 2019 [d]ecision entered in the matter of Hasib v. Choudhury at docket 514 EDA 2018, it is ORDERED and DECREED that:

1. Husband is reinstated as General Partner of Sovereign Realty Investments, LP, Cabochon Properties, LP, Cabochon Investments Florida, LP, and Orchards Industrial Land, LP.

2. **The 16-acre parcel of land owned by Orchards Industrial Land, LP shall continue to be sold with the proceeds distributed as previously ordered**.

3. All other terms and conditions of the January 17, 2018 Decree and Order shall remain in full force and effect, unaltered in any way.

4. This Order does not supersede any Order entered by this [c]ourt after the January 17, 2018 Decree and Order.

Amendment to January 17, 2018 Decree and Order, 8/9/19 (emphasis added).

On September 7, 2019, Husband filed this appeal followed by a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. He raises the following issues for our review:

1. Did the trial court err and abuse its discretion when it failed to return the corporate structure of the partnerships owned in part by the parties[] to the *[s]tatus [q]uo [a]nte,* and specifically with regard to Husband's responsibilities and duties as the General Partner in violation of the Partnership Agreements, applicable Pennsylvania law, and the Superior Court's June 10, 2019 [d]ecision?

2. Did the trial court err and abuse its discretion by ordering the continued sale of a partnership asset by the parties as minority partners and directing how the partnership should distribute the proceeds of said sale in violation of the Partnership Agreements, applicable Pennsylvania law, and the Superior Court's June 10, 2019 [d]ecision?

3. Did the trial court err and abuse its discretion by ordering that no part of its Order was to supersede any order entered by the trial court after the original January 17, 2018 Decree and Order, although its subsequent order provided Wife

continuing powers as general partner, sole control of the sale of partnership assets owned in part by the parties[,] and the business bank accounts of the other partnerships, in violation of the Partnership Agreements, applicable Pennsylvania law, and the Superior Court's June 10, 2019 [d]ecision?

Appellant's Brief, at 5-6. We address these claims as one. Our standard of review is well settled:

We review a challenge to the trial court's equitable distribution scheme for an abuse of discretion. We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. We will not find an abuse of discretion unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record. When reviewing an award of equitable distribution, we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights.

*Hess v. Hess*, 212 A.3d 520, 523 (Pa. Super. 2019) (citations and quotations omitted).

Husband argues the trial court erred in failing to return the corporate structure of the partnerships to the *status quo ante*,[5] "specifically with regard to Husband's responsibilities as the General Partner in violation of the Partnership Agreements, Pennsylvania [l]aw, and [this] Court's June 10, 2019 [d]ecision." Appellant's Brief, at 19. Husband also claims the trial court's order did not specifically reinstate Wife as a limited partner and, therefore,

_____

[5] The status quo ante is that "last actual, peaceable and lawful uncontested status which preceded the pending controversy." *Commonwealth v. Coward*, 414 A.2d 91, 99 (Pa. 1980).

- 7 -

Wife "continues to hold rights granted only to the General Partner pursuant to the existing Partnership Agreements," and is contrary to this Court's remand order. *Id.* at 24. Further, Husband argues that the court's order directing him to continue with the sale of the 16-acre parcel of land held by Orchards was error. Finally, Husband claims the trial court's order, directing that "all other terms and conditions of the [e]quitable [d]istribution order shall remain in full force and effect[,]" violated this Court's remand order and was contrary to the partnership agreements. *Id.* at 25. Each of these arguments is meritless.

First, the trial court's August 9, 2019 amended order clearly reinstated Husband as General Partner of the partnerships—returning the partnerships to the *status quo ante,* the original corporate structure. The trial court complied with this Court's remand order. At the November 19, 2019 hearing on Husband's application for stay pending appeal, the trial court made it clear that Husband is "the sole general partner[.]" N.T. Stay Hearing, 11/19/19, at 50. Despite Husband's insistence that Wife retains General Partner powers, she does not.

This Court's remand order also reversed that portion of the trial court's order directing Wife to sell the 16-acre parcel of land held by Orchards, as Wife was not the General Partner. Our order, however, did *not* preclude the trial court from directing Husband, as the General Partner, to "continue the sale" of the property in order to effectuate the equitable distribution of the parties' marital property. Notably, prior to entry of the divorce decree,

Husband had signed the agreement of sale with respect to that property. As Wife points out, Husband does not actually object to the sale, and Husband acknowledged this at the stay hearing.[6] Rather, Husband objects to the direction that the proceeds of the sale be used to effectuate the equitable distribution order. Husband, as General Partner, believes it should be in his discretion to reinvest 100% of the proceeds (the sale price is $7.2 million) as he deems fit. However, allowing Husband to solely control marital property would defeat the purpose and spirit of equitable distribution law—to effectuate economic justice between the parties and insure a fair and just determination of their property rights. **See** 23 Pa.C.S.A. § 3502; **Isralsky v. Isralsky**, 824 A.2d 1178 (Pa. Super. 2003); **see also** 23 Pa.C.S.A. § 3502(e)(4) ("If, at any time, a party has failed to comply with an order of equitable distribution, as provided for in this chapter or with the terms of an agreement as entered into between the parties, after hearing, the court may, in addition to any other remedy available under this part, in order to effect compliance with its order:

---

[6] At the hearing, Husband testified as follows:

Q: And so would it be fair to say that your issue is not with the sale of the property? Would it be fair to say that your concern is not with the sale of the property?

A: No, not at all, because we have been trying to sell it for [a] long time.

N.T. Stay Hearing, 11/19/19, at 20.

**order and direct the transfer or sale of any property required in order to comply with the court's order**[.]") (emphasis added).

Husband claims that his duties and responsibilities as General Partner take precedence over his responsibilities as Husband and limit the way the proceeds can be distributed. *Id.* at 24. Husband's position is that this Court "ordered it is [his] right and [his] decision to do what happens [sic] with the proceeds[.]" N.T. Stay Hearing, *supra* at 22. That was not what our remand order stated.

The trial court understood this Court's order, and amended its order to comply. The court made clear:

> The Superior Court held that we abused our discretion by restructuring the Partnership regarding the position of General Partner and remanded the case. The Superior Court reversed provisions that (1) appointed Wife as Co-General Partner in two of the partnerships, (2) dissociated Husband as General Partner of Orchards Industrial Lands, L.P., and appointed Wife as General Partner, and (3) [] directed Wife to use her newly granted General Partnership position to sell the 16[-] acre parcel of land owned by Orchards Industrial Land, L.P., and then to dissolve that partnership.

Trial Court Opinion, 11/6/19, at 1-2. At the stay hearing, the court again clarified:

> So the way the Order is right now, sir, when and if this settlement takes place, and you're obligated to do everything you can to make it take place, whether that means granting an extension or not granting [an] extension, you have the power to make that decision, but when and if the settlement takes place, after the time of settlement that money will come into the . . . limited partnership account and then my [o]rder, unless it's changed, will require you to then distribute that in the fashion that I've told you. [W]hen it comes to Orchards, which is an issue of sale, somebody

- 10 -

has to make the business decision as to whether or not to grant an extension of time [for settlement]. Prior to the Superior Court's decision, that had to be done jointly. Now [Husband] has the sole ability to do that. That's a business decision. As far as the distribution is concerned, that's not something he can individually make.

*Id.* at 41-42, 51-52. Husband's argument that the trial court's order contravenes our remand order is meritless.

Moreover, Husband cannot hide behind a partnership agreement, particularly here, where the notes of testimony indicate the limited partnership agreement for Orchards Industrial Land Associates was admitted into evidence as H-1, *see id.*, at 23, but was not included in the certified record on appeal. This Court may review and consider only items that have been duly certified in the record on appeal. Pa.R.A.P.1921. "For purposes of appellate review, what is not of record does not exist." *Frank v. Frank*, 587 A.2d 340, 343 (Pa. Super. 1991). *See also Rosselli v. Rosselli*, 750 A.3d 355 (Pa. Super. 2000) (same). The responsibility of ensuring that the transmitted record is complete rests squarely upon the appellant, not the appellate courts. Pa.R.A.P. 1931. Husband is entitled to no relief.

It is quite clear to this Court that Judge McMaster understood our remand order. Judge McMaster's order requires the net sale proceeds to be distributed to the partners in proportion to their ownership interests as set forth in the January 17, 2018 decree and order. That provision "does not affect the structure or power of the Partnership[;] it merely is subjecting this asset to equitable distribution." Trial Court Opinion, *supra* at 4. *See Buckl*

***v. Buckl***, 542 A.2d 65 (Pa. Super. 1988) (partnership interest is marital property and is subject to equitable distribution).   We find no error or abuse of discretion.  ***Hess***, ***supra***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2020