J-A24025-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| RONALD L. THOMAS JR. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JANE C. THOMAS | : | No. 378 EDA 2021 |

Appeal from the Order Entered February 8, 2021
In the Court of Common Pleas of Wayne County Civil Division at No(s):
No. 2017-30519

BEFORE:  LAZARUS, J., DUBOW, J., and PELLEGRINI, J.*

JUDGMENT ORDER BY DUBOW, J.:          **FILED OCTOBER 20, 2021**

Appellant, Ronald L. Thomas, Jr. ("Husband"), appeals from the February 8, 2021 Amended Divorce Decree which, *inter alia*, provided for the equitable distribution of the marital assets of Husband and Appellee, Jane C. Thomas ("Wife"), and awarded alimony to Wife.  Husband asserts that the trial court failed to consider the 23 Pa.C.S. § 3502(a) equitable distribution factors and failed to set forth the percentage of distribution for each marital asset pursuant to 23 Pa.C.S. § 3506.  Upon review, we vacate in part and remand for further proceedings.

A detailed recitation of the factual and procedural history is unnecessary to our disposition.  Husband and Wife were married for approximately forty years and separated for approximately ten years prior to Husband filing a

_____

* Retired Senior Judge assigned to the Superior Court.

Divorce Complaint in October 2019. After presiding over two hearings, the Divorce Master filed a Report and Recommendations on September 25, 2020 ("Report") and an Amended Report and Recommendations on October 5, 2020 ("Amended Report"). Husband filed Exceptions asserting, *inter alia*, that the Report and Amended Report fail to discuss the Section 3502(a) equitable distribution factors and fail to specify the actual distribution of all the assets to each party. The trial court denied the Exceptions without explanation. On February 5, 2021, the trial court entered an Amended Decree of Divorce which incorporated the Report and Amended Report.

Husband timely appealed. Both Husband and the trial court complied with Pa.R.A.P. 1925.

We review an award of equitable distribution for an abuse of discretion. **Lee v. Lee**, 978 A.2d 380, 382 (Pa. Super. 2009). "An abuse of discretion is not found lightly, but only upon a showing of clear and convincing evidence" that the trial court misapplied the law or failed to follow proper legal procedure. **Smith v. Smith**, 904 A.2d 15, 18 (Pa. Super. 2006) (citation omitted). "A trial court has broad discretion when fashioning an award of equitable distribution[,]" but at the very least must consider the eleven factors enumerated in Section 3502(a). **Hess v. Hess**, 212 A.3d 520, 523–24 (Pa. Super. 2019).

Section 3502 provides, *inter alia*, the court shall equitably divide the martial property "in such percentages and in such manner as the court deems just after considering all relevant factors." 23 Pa.C.S. § 3502(a). Moreover,

Section 3506 provides that in an equitable distribution order, "the court shall set forth the percentage of distribution for each marital asset or group of assets and the reason for the distribution ordered." 23 Pa.C.S. § 3506. Finally, "[w]hen determining the propriety of an equitable distribution award, this Court must consider the distribution scheme as a whole." **Hess**, 212 A.3d 520 at 523 (citations omitted).

Our review of the record reveals that the Report and Amended Report fail to consider and discuss the Section 3502(a) equitable distribution factors in a meaningful way. Moreover, while the Report states the equitable distribution percentages that Wife requests, it does not clearly state whether the Master recommends that the trial court adopt those percentages.[1] In turn, the trial court incorporated the Report and Amended Report into the Divorce Decree without ordering a clear equitable distribution percentage scheme.

Accordingly, we vacate the portion of the Divorce Decree that incorporates the Report and Amended Report to effectuate equitable distribution and award alimony. We remand for the trial court to consider the Section 3502(a) equitable distribution factors and comply with Section 3506. In light of our disposition, and this Court's obligation to review the equitable

---

[1] In its only reference to equitable distribution percentages, the Report states, "Wife asks a 58% to 42% division in her favor. The proposed division is actually more generous but equitable when viewed together with the recommendation regarding alimony which follows." Report, 9/25/20, at A-5. It is unclear if the Master is proposing a more generous division or if Wife's request is more generous than the Master's proposed division. In any event, the Report and Recommendation adopted by the Divorce Decree never sets forth a clearly recommended equitable distribution percentage scheme.

distribution scheme as a whole, we decline to address Appellant's remaining issues.

Order vacated in part.  Case remanded.  Jurisdiction relinquished.  Case is stricken from the November 3, 2021 remote oral argument list.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 10/20/2021*