J-A04029-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| AMY SANDROWICZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH SPARANEY | : | |
| | : | |
| Appellant | : | No. 300 MDA 2022 |

Appeal from the Order Entered January 13, 2022
In the Court of Common Pleas of Lackawanna County Civil Division at
No(s):  2018 FC 41633

BEFORE:  STABILE, J., DUBOW, J., and McCAFFERY, J.

MEMORANDUM BY DUBOW, J.:                    **FILED:  MARCH 6, 2023**

Appellant Ralph Sparaney appeals from the Order entered by the Lackawanna Court of Common Pleas on January 13, 2022, in this equitable distribution case.  Appellant asserts that the trial court abused its discretion in affirming and adopting the Hearing Officer's Report and Recommendation ("Report"),[1] which awarded the marital house to Appellee Amy Sandrowicz. After careful review, we conclude that the trial court did not abuse its discretion and affirm the order.

Appellant and Appellee married in September 2010 and separated in November 2018.[2]  Appellee filed for a no-fault divorce pursuant to 23 Pa.C.S.

_____

[1] We have replaced references to "master" with "hearing officer" throughout this Memorandum in accordance with the October 19, 2021 revision to Pa.R.Civ.P. 1920.51, effective January 1, 2022.

[2] We derive the factual recitation from the Hearing Officer's Report and Recommendation, dated September 9, 2021, which the trial court adopted.

§ 3301(c). At the time of the relevant proceedings, Appellee was in good health, and working full-time as an eighth-grade teacher, consistent with her two-decade career. Appellant was receiving a reduced income in the form of workers' compensation benefits as a result of a spinal fracture suffered in April 2018 while employed as a driver for U.P.S.

The trial court appointed a hearing officer in January 2021. After several conferences, the hearing officer presided over a hearing in August 2021 and issued his report on September 9, 2021. The only disputed issues before the hearing officer were the allocation of the marital house and Appellant's potential lump sum workers' compensation settlement payment.[3]

According to the Report, the parties purchased the marital house in August 2007, prior to the marriage. The hearing officer found the value of the house to be $110,000.00 and the parties' equity in the house to be $6,997.45, after taking into consideration the two outstanding mortgages and expenses associated with any potential sale of the house.[4]

After considering the household expenses paid by both parties, the hearing officer ascertained that Appellee was financially able to maintain the house, including real estate taxes, while Appellant was "just able to pay

---

[3] The parties stipulated to numerous issues including the waiver of interest in each other's pension and bank accounts as well as waiving any claim for alimony, alimony *pendente lite*, and spousal support. Report, 9/9/21, at 1 (unpaginated). Additionally, the parties agreed to distribute the personal and household property themselves. **Id.**

[4] **Id.** at 2.

- 2 -

certain bills, which do not include all household related expenses."[5]  Moreover, Appellee would not need to refinance the mortgages because she, unlike Appellant, was the party named on the mortgage notes.  In contrast, the hearing officer found that Appellant would be unable to refinance the house, as would be required, given his current employment situation.  Additionally, Appellee had the financial ability to buy out Appellant's share of the house, but Appellant did not.

Applying these findings to the equitable distribution factors set forth in the Divorce Code, 23 Pa.C.S § 3502(a), the hearing officer recommended distribution of the house to Appellee, with Appellee paying Appellant $3,498.73, representing 50% of the equity in the house.[6]  He additionally recommended that any lump sum workers' compensation settlement obtained by Appellant should be Appellant's sole property.

On September 28, 2021, Appellant filed exceptions to the Report, contesting the award of the marital house to Appellee.  On November 30, 2021, after oral argument, the trial court denied Appellant's exceptions.  The court additionally affirmed and adopted the Report following a *de novo* review of the record.  The court entered the Divorce Decree on January 13, 2022.

---

[5] *Id.* at 3.

[6] *Id.* at 4.

Appellant filed his Notice of Appeal on February 11, 2022. Appellant and the trial court complied with Pa.R.A.P. 1925. Before this Court, Appellant presents the following question:

> Did the Trial Court commit an abuse of discretion and/or err in affirming the Report and Recommendation of the [Hearing Officer] in this matter, when the [Hearing Officer] did not give adequate weight and consideration to the Equitable Distribution factors enumerated under Pennsylvania law in 23 [Pa.C.S.] § 3502(a) in dividing the marital assets between the [p]arties, specifically, in awarding the marital home to Appellee?

Appellant's Br. at 3.

## A.

Equitable distribution is governed by 23 Pa.C.S § 3502(a), which provides that the court "shall equitably divide, distribute or assign, in kind or otherwise, the marital property between the parties without regard to marital misconduct in such percentages and in such manner as the court deems just after considering all relevant factors."[7] In applying the statutory factors, "[a]

---

[7] Section 3502 states that relevant factors include the following:

(1) The length of the marriage.

(2) Any prior marriage of either party.

(3) The age, health, station, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties.

(4) The contribution by one party to the education, training or increased earning power of the other party.

*(Footnote Continued Next Page)*

trial court has broad discretion when fashioning an award of equitable distribution." **_Hess v. Hess_**, 212 A.3d 520, 523 (Pa. Super. 2019) (citation omitted).

This Court reviews "a challenge to the trial court's equitable distribution scheme for an abuse of discretion." **_Id._** We will not find an abuse of discretion "unless the law has been overridden or misapplied or the judgment exercised

---

(5) The opportunity of each party for future acquisitions of capital assets and income.

(6) The sources of income of both parties, including, but not limited to, medical, retirement, insurance or other benefits.

(7) The contribution or dissipation of each party in the acquisition, preservation, depreciation or appreciation of the marital property, including the contribution of a party as homemaker.

(8) The value of the property set apart to each party.

(9) The standard of living of the parties established during the marriage.

(10) The economic circumstances of each party at the time the division of property is to become effective.

(10.1) The Federal, State and local tax ramifications associated with each asset to be divided, distributed or assigned, which ramifications need not be immediate and certain.

(10.2) The expense of sale, transfer or liquidation associated with a particular asset, which expense need not be immediate and certain.

(11) Whether the party will be serving as the custodian of any dependent minor children.

23 Pa.C.S. § 3502(a).

was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record." ***Carney v. Carney***, 167 A.3d 127, 131 (Pa. Super. 2017) (citation omitted). When reviewing an award of equitable distribution, "we measure the circumstances of the case against the objective of effectuating economic justice between the parties and achieving a just determination of their property rights." ***Hayward v. Hayward***, 868 A.2d 554, 558 (Pa. Super. 2005) (citation omitted).

In cases where the parties appeared before a hearing officer, the hearing officer's "report and recommendation, although only advisory, is to be given the fullest consideration, particularly on the question of credibility of witnesses, because the [hearing officer] has the opportunity to observe and assess the behavior and demeanor of the parties." ***Childress v. Bogosian***, 12 A.3d 448, 455–56 (Pa. Super. 2011) (citation omitted). However, the hearing officer's "report is not controlling, either on the lower court or on the appellate court." ***Rothrock v. Rothrock***, 765 A.2d 400, 404 (Pa. Super. 2000). Instead, "[t]he reviewing court must consider the evidence, its weight[,] and the credibility of the witnesses, *de novo*." ***Id.***

**B.**

Before this Court, Appellant argues that the trial court abused its discretion in affirming the Report, reiterating that the hearing officer "did not give appropriate consideration and weight" to the equitable distribution factors set forth in Section 3502(a). Appellant's Br. at 7. Appellant does not contest the hearing officer's factual findings but rather the conclusion drawn from the

- 6 -

facts. Specifically, Appellant contends that the hearing officer did not properly weigh Subsection (a)(5),"[t]he opportunity of each party for future acquisitions of capital assets and income," and Subsection (a)(10), "[t]he economic circumstances of each party at the time that the division of property is to become effective." *Id.* at 9 (quoting 23 Pa. C.S. § 3502(a)(5), (10)).

Appellant asserts that the hearing officer, and thus the trial court, failed to consider appropriately the fact that "Appellee has a greater ability than Appellant to gain future acquisitions of capital assets and income, based on her employment, and Defendant's lack of employment" and that "Appellee was more financially secure than Appellant." *Id.* at 9-10. In contrast to the hearing officer and trial court's conclusion that these facts favor distribution of the house to Appellee, Appellant contends that these factors favor awarding the house to him, given that Appellee "would be in a better position to . . . locate and purchase another home." *Id.* at 10. He asks the Court to overturn the award or alternatively to reverse and remand for further hearing. *Id.* at 11.

In its Rule 1925(a) Opinion, the trial court rejected Appellant's argument. In so doing, the court noted that the hearing officer "observed the parties, weighed the parties' credibility, and reached the appropriate determination after considering the relevant equitable distribution factors. Tr. Ct. Op., 3/11/22, at 9. The court concluded that "there was no reason to disturb the [hearing officer's] findings that [Appellee's] income was stable and determinable into the future, while [Appellant's] income was reduced and

more nebulous moving forward." *Id.* at 7. Moreover, the court found the record supported the hearing officer's "ultimate conclusion that [Appellant] was more financially secure and could afford to maintain the marital home, while [Appellee] was less financially secure and could not afford the marital home, based on the testimony." *Id.* at 9. After review *de novo*, we agree.

Upon careful review of the record, we conclude that the trial court did not abuse its discretion in adopting the Report. Instead, the trial court carefully considered each relevant factor of Section 3502(a), including subsections (5) and (10), and weighed the economic situations of the parties, especially in regard to whether Appellant or Appellee could feasibly cover costs of ownership of the marital house. The record supports the hearing officer and the trial court's conclusion that Appellee rather than Appellant was better able to afford the house. Accordingly, we affirm the trial court's order adopting the Hearing Officer's Report and Recommendation, which distributed the marital house to Appellee, less payment of 50% of the equity to Appellant.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 03/06/2023